**Amrik SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Nos. 02–71108, 03–71314.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2004.

Decided July 22, 2004.

---

Charles E. Nichol, Esq., Vinay R. Chari, Esq., San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Carol Federighi, Alison Marie Igoe, Ann Carroll Varnon, Esq., Washington, DC, for Respondent.

Before: B. FLETCHER, LEAVY, and BERZON, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## MEMORANDUM *

Amrik Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals ("BIA") affirmance of an immigration judge's ("IJ") order denying his application for asylum and withholding of exclusion and deportation (No. 03–71314), and the denial of his motion to reopen to apply for relief under Article 3 of the Convention Against Torture (the "Convention") (No. 02–71108). We review an adverse credibility finding for substantial evidence. *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). We review the denial of a motion to reopen for abuse of discretion. *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 890 (9th Cir.2002). We deny the petitions for review.

Although some of the concerns raised by the IJ regarding Singh's knowledge of his political party may be of questionable significance, we conclude that substantial evidence supports the adverse credibility finding. Of particular significance were Singh's inability to explain adequately the origins of and alterations to the letter from his doctor regarding his injuries following his arrest and the letter articulating his political party membership. Because these documents relate to the basis for Singh's claim of past persecution and fear of future persecution, they are central to his asylum claim. The unexplained discrepancies in dates and addresses on Singh's documents were not minor and are sufficient to sustain an adverse credibility finding.

Because Singh did not establish eligibility for asylum, he did not satisfy the more stringent standard for withholding of exclusion and deportation. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000).

28

The BIA did not abuse its discretion in denying Singh's motion to reopen. *See Celis–Castellano,* 298 F.3d at 890. Singh is not entitled to relief under the Convention because he failed to demonstrate that it was more likely than not that he would be tortured upon return to India. *See* 8 C.F.R. § 208.16(c)(2); *Malhi,* 336 F.3d at 993.

Singh's motion for judicial notice is denied.

PETITIONS FOR REVIEW DENIED.

* This disposition is not appropriate for publica-    tion and may not be cited to or by the courts